## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | **ENTERED** 08/05/2011 |
| **JUANITA VELA,** | § | **Case No. 10-50293** |
| Debtor(s). | § | |
| | § | **Chapter 13** |
| | § | |
| **JUANITA VELA,** | § | |
| Plaintiff(s) | § | |
| | § | |
| **VS.** | § | **Adversary No. 11-5004** |
| | § | |
| **FREDDIE MAC LOAN MORTGAGE** | § | |
| **CORPORATION,** *et al*, | § | |
| Defendant(s). | § | **Judge Isgur** |

### <u>MEMORANDUM OPINION</u>

Wells Fargo Bank, N.A ("Wells Fargo") seeks summary judgment on Juanita Vela's common-law wrongful foreclosure claim, her declaratory judgment claim, and her avoidance claim under § 544 of the Bankruptcy Code. Wells Fargo also seeks summary judgment on whether the statute of frauds applies to Wells Fargo's statements regarding a loan modification. The Court grants Wells Fargo's motion for summary judgment with respect to the common-law foreclosure claim. The Court denies summary judgment with respect to the invalid title transfer and avoidance claims and with respect to the statute of frauds issue.

### Background

Vela filed a chapter 13 bankruptcy petition on November 5, 2010. Vela filed this adversary proceeding on February 22, 2011, seeking to have the foreclosure sale of her property set aside and avoided. Vela asserts claims for wrongful foreclosure, invalid title transfer, and avoidance of the transfer under § 544.

Wells Fargo filed an answer on March 22, 2011, asserting the affirmative defenses of estoppel, waiver, statute of frauds, and justification.

The Court entered a scheduling order which required dispositive motions to be filed by May 2, 2011.  On May 2, Wells Fargo filed a motion for summary judgment on all claims and causes of actions brought by Vela pursuant to Fed. R. Civ. P. 56.

Vela initially filed a response to the motion for summary judgment on May 23, 2011.  However, because Vela was still awaiting discovery, the Court allowed Vela twenty days to file an amended response.  The amended response was filed on June 13, 2011.

## Vela's Allegations[1]

Vela alleges that Wells Fargo's foreclosure sale of her home should be set aside because: (i) the foreclosure sale was not complete until after she had filed for bankruptcy; (ii) the foreclosure sale can be avoided pursuant to §544; and (iii) Wells Fargo's conduct constituted common-law wrongful foreclosure.  Compl. ¶ 1, ECF No. 1, at 2.

On June 28, 1995, Vela and her husband purchased a home at 5316 Ramirez Drive, Laredo, Texas.  They borrowed money from Independent Mortgage Services ("IMS"), signing a note and executing a deed of trust in favor of IMS.  The note and deed of trust were later assigned to Wells Fargo.  Compl. ¶ 6, ECF No. 1, at 3.  Vela's husband died in May 2005, resulting in a lack of income and subsequent default on the Note.  Compl. ¶ 2, ECF No. 26, at 2.  Because of Vela's poor health, Vela's daughter, Veronica Aguilera, began dealing with Wells Fargo representatives in an effort to modify the Note.  Compl. ¶ 7, ECF No. 1, at 3.  Wells Fargo required Aguilera to obtain a power of attorney before it would release any information.  Compl. ¶ 38, ECF No. 36, at 12.

---

[1] The Court reports Vela's allegations solely for the purpose of providing background to Vela's claims.  At summary judgment, the court does not assume that Vela's allegations are true, but does look at the summary judgment evidence in the light most favorable to Vela, the non-movant.  *Campo v. Allstate Ins. Co.*, 562 F.3d 754 (5th Cir. 2009).

On May 20, 2009, Vela received a notice of intent to accelerate her mortgage.  This was almost 18 months before the eventual foreclosure date, November 2, 2010.  Compl. ¶¶ 3, 20, ECF No. 36, at 2, 6.   In the interim, Wells Fargo entered into several Home Affordable Modification Program Loan Trial Period Agreements, and Vela made all payments required during that period.  Compl. ¶ 20, ECF No. 36, at 6.  Wells Fargo subsequently advised Vela that she should again begin the loan modification process and that she needed to provide Wells Fargo with additional required documents.  Compl. ¶ 21, ECF No. 36, at 6.

Vela received a notice that Wells Fargo intended to foreclose the home at a scheduled October 2010 foreclosure sale.  Aguilera contacted Wells Fargo, and a representative informed her that a request for postponement of foreclosure had been submitted and that the loan modification process would continue.  No foreclosure occurred in October 2010.  Compl ¶ 18, ECF No. 1, at 7.

On October 29, 2010, Aguilera again contacted Wells Fargo and was informed that Vela's loan modification was being expedited for review.  Compl. ¶ 19, ECF No. 1, at 8.  The following Tuesday, Aguilera contacted Wells Fargo and was informed that the home was being foreclosed on that day.  Compl. ¶ 20, ECF No. 1, at 8.

Vela's home was foreclosed on November 2, 2010.  Compl. ¶ 7, ECF No. 1, at 3.  Wells Fargo conducted a non-judicial foreclosure sale of the home, and Freddie Mac was the high bidder.

Vela filed a chapter 13 bankruptcy petition on November 5, 2010.  Freddie Mac filed a substitute deed for the home on November 10, 2010.  Compl. ¶ 1, ECF No. 1.  Vela asserts that the foreclosure sale should be set aside or avoided.

**Summary Judgment Evidence**

In support of its motion for summary judgment, Wells Fargo provides the following evidence: (i) the deed of trust; (ii) the note; (iii) the recorded assignment dated March 15, 2001; (iv) the recorded assignment dated January 3, 2007; (v) recorded substitute trustee's deed, filed November 10, 2010; (vi) affidavit of National Default Exchange, L.P.; (vii) notice of acceleration mailed to Vela; and (viii) affidavit of Branch M. Sheppard, attorney for Wells Fargo.

According to Wells Fargo, Vela has no evidence to support wrongful foreclosure, and Wells Fargo's evidence demonstrates that title transferred to Freddie Mac at the time of the actual foreclosure sale and that Vela was provided with proper notice under Texas state law.

Vela's summary judgment evidence includes: (i) affidavits of Veronica Aguilera; (ii) affidavits of Carl M. Barto; (iii) exhibits to the affidavits; (iv) documents that were produced by Wells Fargo in response to Vela's request; (v) exhibits attached to Wells Fargo's motion for summary judgment; and (vi) pleadings.

**Analysis**

The Court grants summary judgment on Vela's wrongful foreclosure claim because Vela has not provided evidence to support essential elements of a wrongful foreclosure claim. The Court denies summary judgment as to all other claims and issues. Vela has established genuine issues of material fact as to whether title had validly transferred at the time of her bankruptcy and as to whether a hypothetical purchaser of the home would have had inquiry notice of the foreclosure sale. The Court denies, as moot, summary judgment on the statute of frauds issue.

### 1.  Wrongful Foreclosure

Wells Fargo seeks summary judgment on Vela's common-law wrongful foreclosure claim.  The Court grants Wells Fargo's motion for summary judgment.  Vela failed to produce evidence that supports the essential elements of wrongful foreclosure.

Under Texas law, the elements of wrongful foreclosure are:  (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.  *E.g.*, *Motten v. Chase Hom Fin.*, 2011 WL 2566092, at \*3 (S.D. Tex. June 28 2011); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008); *Sotelo v. Interstate Fin. Corp.*, 224 S.W.3d 517, 523 (Tex. App.—El Paso 2007).

Vela has provided sufficient evidence of irregularities in the foreclosure process.  Vela alleges several irregularities.  First, she alleges that Wells Fargo accepted a credit bid from Freddie Mac, even though the deed of trust required a cash bid.  Second, she asserts that notice was inadequate because of Wells Fargo's statements, after sending its notice of intent to accelerate, that Vela's modification was being reviewed.  Finally, Vela alleges that Wells Fargo violated the advertised requirements of the Federal Home Affordable Modification Program by foreclosing while it was considering the modification of Vela's loan.

Vela also asserts that because of the 18-month delay between the notice of intent to accelerate and the foreclosure, the notice was stale at the time of the foreclosure.  However, the equitable defense of stale demand may not be invoked to resist the enforcement of a creditor's purely legal right to foreclose.  *Dillard v. Broyles*, 633 S.W.2d 636, 645 (Tex. App.—Corpus Christi 1982) (op. on mot. for reh'g).

Although Vela provides sufficient evidence that there were irregularities, she provides no evidence that the alleged irregularities contributed to or caused an inadequate sales price.

Vela argues that causation and inadequacy in the sale price are not required elements for wrongful foreclosure. She advances the policy argument that if the final two elements are required, a mortgagee could engage in any kind of egregious conduct as long as the conduct does not contribute to or cause an inadequate price. Vela cites four cases in which courts did not make reference to the elements of grossly inadequate selling price and causality.[2] The courts in the cited cases do not discuss the elements of grossly inadequate selling price and causality, instead basing their rulings on other issues. This Court does not read any of the cited cases as implicitly disagreeing with the well established three elements. The Court instead relies on more recent case law clearly requiring both grossly inadequate selling price and causality when a plaintiff seeks to set aside a foreclosure. *E.g.*, *Motten*, 2011 WL 2566092, at *3; *Sauceda*, 268 S.W.3d at 139; *Sotelo*, 224 S.W.3d at 523.

Vela failed to present sufficient evidence to support all the elements required for a wrongful foreclosure claim. The Court grants Wells Fargo's motion for summary judgment on the wrongful foreclosure claim.

## 2. Declaratory Judgment

Wells Fargo also seeks summary judgment on Vela's claim for declaratory judgment. Vela asks for an order declaring that the title to the home did not transfer to Freddie Mac before Vela filed her bankruptcy petition.[3] Although the foreclosure took place on November 4, 2010,

---

[2] *Ogden v. Gibraltar Sav. Assn.*, 640 S.W.2d 232, 234 (Tex. 1982); *Slaughter v. Qualls*, 162 S.W.2d 671, 675 (Tex. 1942); *UNLIC VP v. T&M Sales*, 176 S.W.3d 595, 609 (Tex. App.—Corpus Christi 2005, pet. denied); *Tamplen v. Bryeans*, 640 S.W.2d 421-22 (Tex. App.—Waco 1982).

[3] Although Vela does not characterize this claim as a declaratory judgment claim, she asserts in her complaint that the title did not transfer and "requests that this Court enter an order that the foreclosure sale did not transfer title to the [home] and is thus property of the estate[.]" The Court recharacterizes this claim as a request for declaratory judgment. *See Armstrong v. Capshaw, Goss & Bowers*, 404 F.3d 933 (5th Cir. 2005) (noting district courts must determine the true nature of a pleading by its substance, rather than its labels) (citing *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label'") (quoting *Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir. 1963)).

Freddie Mac did not file a substitute trustee deed until November 10, 2010, five days after Vela's bankruptcy petition.

Under Texas law, if the foreclosure sale was held in accordance with applicable law and with the provisions of the deed of trust, the sale transferred equitable title to Freddie Mac, even in the absence of a deed. *Peterson v. Black*, 980 S.W.2d 818, 821 (Tex. App.—San Antonio 1998, no writ).

Vela contends, however, that the foreclosure sale was not held in accordance with Texas property law and the provisions of the deed of trust. She argues that Freddie Mac therefore did not have equitable title on the date of the bankruptcy petition. If Freddie Mac did not have equitable title to the property when Vela filed bankruptcy, the home is property of the bankruptcy estate under 11 U.S.C. § 541(a)(1) and subject to the automatic stay.

Evidence shows that the deed of trust required a cash payment. Deed of Trust ¶ 21, ECF No. 26-2, at 11   Evidence has also been presented that Freddie Mac purchased the home on credit. Wells Fargo has not provided any evidence that Freddie Mac purchased the Home with cash, as required under the deed of trust.

Additionally, the deed of trust required Freddie Mac to pay the bid price within a "reasonable time" after the bid was accepted. Texas courts have indicated that a "reasonable time" is to be interpreted to mean before 4:00 p.m. on the date of the foreclosure sale. *First Fed. Sav. & Loan Ass'n v. Sharp*, 359 S.W. 2d 902, 905 (Tex. 1962).

The Court recognizes that Freddie Mac may have purchased the loan from Wells Fargo prior to the foreclosure. In that event, Freddie Mac would have been entitled to "credit bid" at the foreclosure sale in its capacity as the note holder. There is an absence of summary judgment evidence to prove that Freddie Mac was the owner of the note prior to foreclosure,

On January 31, 2011, Vela received a letter from Wells Fargo discussing the need for private mortgage insurance.  The letter also contained Vela's account number and suggested that Wells Fargo still had Vela's note on their books.  When Aguilera called regarding the letter, she was asked if Vela wanted to make a payment on the note, indicating that the note may not have been purchased by Freddie Mac.  Aguilera's Aff., ECF No. 36-2, at 5-6.

Lastly, the Texas Property Code requires that notice of default and opportunity to cure the default be given 20 days prior to a notice of sale.  Tex. Prop. Code § 51.002(d).  Evidence has been presented that notice of intent to accelerate the debt may have been stale or invalid.  It is undisputed that on May 20, 2009, nearly 18 months prior to foreclosure, Vela was served with a notice of intent to accelerate.  However, it is disputed whether Wells Fargo's actions after the notice was received rendered the May 20, 2009, notice stale or invalid.

The factual uncertainty precludes summary judgment.  The Court denies Wells Fargo's motion for summary judgment on the invalid transfer of title claim.

**3.  Avoidance of Transfer Pursuant to § 544**

Wells Fargo seeks summary judgment on whether Vela can rely on 11 U.S.C. § 544 to avoid the sale of Home to Freddie Macs. The Court denies Wells Fargo's motion.

Section 544(a)(3) provides that a trustee may avoid "any transfer of property of the debtor . . . that is voidable by[:]"

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

Chapter 13 debtors may exercise the avoidance power of the trustee as to property that would have been exemptable, but for the potentially avoidable transfer.  *Realty Portfolio, Inc. v.*

*Hamilton (In re Hamilton)*, 125 F.3d 292 (5th Cir. 1997). In *Hamilton*, the Fifth Circuit determined that "[u]nder Texas law, a hypothetical purchaser would gain good title to property after it was sold at a valid foreclosure sale but before the substitute trustee's deed was recorded, unless the [hypothetical] purchaser had notice of the foreclosure sale." *Id.* at 299 (citing Tex. Prop. Code § 13.001 (a)). Notice of the foreclosure sale may be either constructive or inquiry notice. *Id.*

Constructive notice is "notice by properly recorded instruments and charges to a person as a matter of law, regardless of the person's actual knowledge." *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981). It is undisputed that the substitute trustee's deed was not recorded until after Vela filed her bankruptcy petition. Thus, as a matter of law a hypothetical purchaser could not be charged with constructive notice.

However, constructive notice of recorded deed of trust "puts a subsequent purchaser under a duty to make a reasonable inquiry into the status of the deed of trust." *Hamilton*, 125 F.3d at 299. "A hypothetical purchaser on inquiry notice is chargeable with implied knowledge of facts that would be discovered by a reasonably diligent inquiry." *Id.* at 300. In this case, there is a genuine issue of material fact as to whether a hypothetical purchaser, through a reasonably diligent inquiry, could have discovered that Freddie Mac had purchased the home.

Vela has presented evidence that if a hypothetical purchaser had contacted Wells Fargo regarding the home, Wells Fargo would not have provided information about the sale. When Aguilera earlier contacted Wells Fargo regarding her mother's mortgage, Wells Fargo refused to provide information until Aguilera had obtained a power of attorney from Vela. These facts could support an inference that Wells Fargo would not have released information to a hypothetical purchaser.

Vela has established that there are disputed material facts as to whether a hypothetical purchaser could reasonably have discovered that Freddie Mac had purchased the property. The Court denies Wells Fargo's motion for summary judgment on the § 544 avoidance claim.

**4. Statute of Frauds**

Wells Fargo also seeks summary judgment on whether its statements regarding a loan modification are subject to the statute of frauds. The statute of frauds would be a defense to the enforcement of an oral modification agreement, but Vela does not seek enforcement of an oral modification agreement. The alleged statements regarding the loan modification are instead relevant to whether the notice of the foreclosure was sufficient. As discussed above, the Court grants summary judgment on the wrongful foreclosure claim because Vela provides no evidence of a grossly inadequate selling price or that the alleged irregularities caused the inadequate price. The statute of frauds issue is therefore moot. The Court denies Wells Fargo's motion for summary judgment on the issue of the statute of frauds.

**Conclusion**

The Court grants Wells Fargo's motion for summary judgment with respect to the wrongful foreclosure claim. The Court denies summary judgment with respect to all other claims and issues.

SIGNED **August 2, 2011.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE
